**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.    **CHERYL HARLIN JONES,**    ) | |
|                 **Plaintiff,**      ) | |
| **v.**      ) | **Case No. 16-cv-00150-JED-TLW** |
| 1.    **EASTERN OKLAHOMA RADIATION**  ) | |
| **THERAPY ASSOCIATES, LLC, a domestic**  ) | |
| **limited liability company,**    ) | *Jury Trial Demanded* |
| 2.    **DARREN CRABTREE, an individual,**  ) | *Attorney Lien Claimed* |
|              **Defendants.**    ) | |

## COMPLAINT

**COMES NOW** Cheryl Harlin Jones, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, Keesling Law Group, PLLC, and for her causes of action alleges as follows:

### Jurisdiction, Venue, Parties

1.    Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2015) and 28 U.S.C. § 1343(a)(4) (2015), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (2015) and 42 U.S.C. § 1981 (2015).

2.    Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3.    Plaintiff Cheryl Harlin Jones, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County.

4.    Defendant Eastern Oklahoma Radiation Therapy Associates ("EORTA"), at all times relevant to the claims alleged herein, was and is a domestic limited liability company

operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees, as defined under 42 U.S.C. § 2000e(b), and is located at 1501 North Florence Avenue, No. 191, Claremore, Oklahoma.

5.     Defendant Darren Crabtree, upon information and belief, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma, and further, acted in the capacity of "Director of Operations" for Defendant EORTA.

6.     Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

STATEMENT OF THE FACTS

7.     Plaintiff Cheryl Harlin Jones incorporates paragraphs 1 through 6 as if fully set forth verbatim.

8.     Plaintiff, at all times relevant to the claims alleged herein, was an employee of Defendant EORTA within the meaning of 42 U.S.C. § 2000e(f), working in the position of "Chief Radiation Therapist."

9.     At all times relevant to the claims alleged herein, Plaintiff was a member of a federally-recognized protected class, in that she is an American of African descent.

10.     Plaintiff began her employment with Defendant EORTA in April 2006, hiring into the "Chief Radiation Therapist" position.

11.     In May, 2009, Plaintiff hired Defendant Darren Crabtree to a "Staff Therapist" position with Defendant EORTA, while Plaintiff was "Chief Radiation Therapist."

12.     Plaintiff was the individual responsible for training the newly-hired Darren Crabtree regarding his responsibilities as "Staff Therapist."

13.     Some time after Defendant Crabtree became employed and under Plaintiff's supervision, Defendant Crabtree engaged in verbally accosting Plaintiff.

14.     Plaintiff attempted to address the matter with then owner Derek Prentiss, but nothing was done to Defendant Crabtree regarding his conduct.

15.     In 2009, despite performing her job tasks proficiently, Plaintiff was demoted to a "Staff Therapist" position.[1]

16.     Sometime in 2011, Defendant Crabtree separated from employment with Defendant EORTA.

17.     In 2013, Defendant Crabtree was re-hired by Defendant EORTA to the position of "Director of Operations."

18.     In making this hire, Defendant EORTA neither considered Plaintiff for the "Director of Operations" position, nor did Defendant EORTA ever advise Plaintiff that said position was available.

19.     Defendant Crabtree is not a member of Plaintiff's recognized protected class, i.e., Crabtree is not African American.

20.     In January, 2014, Defendant Crabtree discharged Plaintiff from her position with Defendant EORTA, purportedly due to decreasing patient volume and finances.

21.     At the time of her discharge, Plaintiff was performing her job functions satisfactorily.

22.     Defendant EORTA, by and through Defendant Darren Crabtree, hired another to replace Plaintiff.

---

[1] Per the EEOC's findings, the issue of the demotion was not timely brought to EEOC. Thus, this Complaint is not alleging discrimination connected with the demotion described in Paragraph 15. The fact is pled to provide background and context to Plaintiff's causes of action that are pled herein.

23.    The individual hired to replace Plaintiff was not a member of her protected class, i.e., said individual was not African American.

24.    The individual hired to replace Plaintiff was less experienced and less skilled than Plaintiff.

25.    Plaintiff timely filed a complaint with the Oklahoma City Office of the Equal Employment Opportunity Commission subsequent to her discharge.

26.    The EEOC conducted an investigation and made a finding of probable cause that violations had occurred in the discharge of Plaintiff.

27.    Pursuant to its authority under Title VII, in a document dated April 2, 2015, EEOC invited Defendant EORTA to conciliate the matter.

28.    Said efforts to conciliate failed.

29.    Accordingly, on June 18, 2015, the EEOC issued a "Notice of Right to Sue (Conciliation Failure)" to Plaintiff.

30.    Pursuant to said "Right to Sue," Plaintiff retained counsel (not the undersigned) to pursue her claims.

31.    Said counsel filed a Petition in Tulsa County District Court, under Case No. CJ-2015-03356, on September 11, 2015, meaning that said action was timely filed, within ninety (90) days of the issuance of the "Notice of Right to Sue."

32.    However, said counsel did not effect service upon Defendant EORTA.[2]

33.    Further, in a letter dated February 8, 2016, Plaintiff's original counsel informed Plaintiff that it was severing its relationship with Plaintiff, advising Plaintiff to either proceed *pro se* or retain substitute counsel.

---

[2] Plaintiff's original counsel only named Defendant EORTA as the sole defendant in the Tulsa County Petition.

34.     Subsequent thereto, Plaintiff retained the undersigned counsel, KEESLING LAW GROUP, PLLC, to pursue this action on her behalf.

35.     On March 7, 2016, Plaintiff, by and through undersigned counsel, dismissed the Tulsa County action – without prejudice – in order to re-file the matter with this Court.

36.     Accordingly, this matter is and has been timely filed.

### FIRST CAUSE OF ACTION
**UNLAWFUL DISCRIMINATION**
**42 U.S.C. § 1981**
**AS TO DEFENDANTS EORTA AND DARREN CRABTREE**

37.     Plaintiff Cheryl Harlin Jones incorporates paragraphs 1 through 36 as if fully set forth verbatim.

38.     Plaintiff is and was a member of a protected class under the Act, specifically, a person of African-American descent.

39.     Plaintiff was qualified for the position she held with Defendant EORTA, i.e., Staff Therapist.

40.     Plaintiff was discharged without cause from her employment with Defendant EORTA by Defendant Darren Crabtree.

41.     Plaintiff was replaced by another not within her racial class who was similarly or less qualified than Plaintiff.

42.     Race was a motivating factor in Plaintiff's discharge.

43.     As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing her injury.

## SECOND CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION
### TITLE VII, 42 U.S.C. §§ 2000e *et seq.*
### AS TO DEFENDANT EORTA

44.     Plaintiff Cheryl Harlin Jones incorporates paragraphs 1 through 43 as if fully set forth verbatim.

45.     Plaintiff is and was a member of a protected class under the Act, specifically, a person of African-American descent.

46.     Plaintiff was qualified for the position she held with Defendant EORTA, i.e., Staff Therapist.

47.     Plaintiff was discharged without cause from her employment with Defendant EORTA.

48.     Plaintiff was replaced by another not within her racial class who was similarly or less qualified than Plaintiff.

49.     Race was a motivating factor in Plaintiff's discharge.

50.     As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing her injury.

### PUNITIVE AND EXEMPLARY DAMAGES

51.     Plaintiff Cheryl Harlin Jones incorporates paragraphs 1 through 50 as if fully set forth verbatim.

52.     The acts and omissions by Defendants EORTA and Darren Crabtree, as set forth in the preceding paragraphs, demonstrate that Defendants were engaged in conduct evincing malice or reckless indifference to Plaintiff's federally protected rights.

53.     As a direct result of Defendants' malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by

a jury commensurate with the financial resources available to Defendants EORTA and Darren Crabtree sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Cheryl Harlin Jones prays this Court to grant to her the following relief:

A.     Judgment against each Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.     Punitive damages against each Defendant where permitted by law;

C.     Order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.     Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
11114 South Yale Avenue, Suite B
Tulsa, Oklahoma 74137
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*Cheryl Harlin Jones*