# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL HARLIN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-150-JED-TLW |
| | ) |
| EASTERN OKLAHOMA RADIATION | ) |
| THERAPY ASSOCIATES, LLC, a domestic | ) |
| limited liability company, | ) |
| | ) |
| DARREN CRABTREE, an individual, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Defendants' Combined Motion to Dismiss (the "Motion") (Doc. 7). For the reasons discussed herein, the Court finds that the Motion should be **granted in part and denied in part**.

**I.   Background**

Plaintiff is an African American female who worked for Defendant Eastern Oklahoma Radiation Therapy Associates ("EORTA"), from April 2006 to January 2014. Plaintiff was hired as a Chief Radiation Therapist. In May 2009, plaintiff hired defendant Darren Crabtree ("Mr. Crabtree") to be a Staff Therapist with EORTA. Plaintiff was responsible for training Mr. Crabtree. Plaintiff alleges that Mr. Crabtree verbally accosted her. Plaintiff raised the issue with the owner of EORTA, but no actions were taken to address Mr. Crabtree's conduct. In 2009, Plaintiff was demoted to the position of Staff Therapist. In 2011, Mr. Crabtree separated from EORTA. He was rehired in 2013 as the Director of Operations. In January 2014, Mr. Crabtree discharged plaintiff due to decreasing patient volume and finances. Plaintiff asserts she was

performing her job functions satisfactorily at the time she was discharged. Plaintiff alleges that Mr. Crabtree replaced plaintiff with someone less qualified and less experienced than her. Neither Mr. Crabtree nor plaintiff's replacement are African American.

Plaintiff timely filed her complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC's investigation found probable cause of violations surrounding plaintiff's termination. On April 2, 2015, the EEOC asked EORTA to conciliate the matter, but these efforts failed. The EEOC then issued a "Notice of Right to Sue (Conciliation Failure)" letter to plaintiff on June 18, 2015. Plaintiff retained counsel and filed suit against EORTA in Tulsa County District Court on September 11, 2015. On February 8, 2016, counsel for plaintiff informed plaintiff that it was severing the attorney-client relationship and advised plaintiff to find substitute counsel or proceed *pro se*.

Plaintiff retained present counsel and dismissed her state court case without prejudice on March 7, 2016. Plaintiff filed this lawsuit on March 18, 2016, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981. EORTA and Mr. Crabtree (collectively, "the defendants") seek dismissal under Fed. R. Civ. P. 12(b)(6), asserting that the Complaint was not timely filed and that it fails to state a plausible claim upon which relief can be granted. Defendant EORTA also requests attorney's fees and costs incurred in seeking the dismissal of plaintiff's Title VII claim.

## II. Legal Standard

In considering a Rule 12(b)(6) dismissal motion, the court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. Plaintiff's Title VII Claim

#### A. Timing

Defendant EORTA argues that plaintiff's title VII claim should be dismissed because it was not filed within ninety days after the EEOC issued the right to sue letter. (Doc. 7 at 4). Specifically, the EEOC issued the right to sue letter on June 18, 2015. (Doc. 2, ¶ 29). Plaintiff filed her Title VII claim 274 days later, on March 18, 2016. Plaintiff responds that the Court should exercise its discretion and find that equitable tolling is proper under the circumstances, namely because plaintiff's state court petition was defective. (Doc. 11 at 4-5).[1]

A plaintiff is required to bring her Title VII claim within ninety days from the issuance of an EEOC right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). A motion to dismiss for failure to file

---

[1] Plaintiff does not dispute defendants' argument that dismissal of her state court suit did not toll the ninety-day period. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (the "filing of a complaint that is dismissed without prejudice does not toll the statutory period of Title VII").

3

a Title VII action within the 90-day period should be considered under Fed. R. Civ. P. 12(b)(6). *See Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) (unpublished) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999)). "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Id.* (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)). The Tenth Circuit "has generally recognized equitable tolling of Title VII periods of limitation only if circumstances 'rise to the level of active deception which might invoke the powers of equity to toll the limitations period.'" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979)). The Supreme Court has "noted that 'federal courts have typically extended equitable relief only sparingly,'" and that it has been allowed

> in situations where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights.

*Id.* at 958 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, plaintiff argues that equitable relief is proper because her former counsel filed a "plainly defective" pleading in state court. Plaintiff asserts that the state court petition, which she voluntarily dismissed, could not have survived dismissal because its factual allegations were too generalized and conclusory. (Doc. 11 at 5). Plaintiff surmises that the deficiencies of the pleading were due to the fact that the EEOC misplaced plaintiff's file, attaching as exhibits correspondence between herself and her former counsel, her former counsel and the EEOC, and her current counsel

and the EEOC. (*Id.*, Exh. 1). The Court finds that these circumstances do not warrant equitable tolling under applicable law.

First, plaintiff has provided no authority, nor is the Court aware of any case where a plaintiff's voluntary dismissal of a complaint was found to constitute a "defective pleading" for purposes of equitable tolling. While the Tenth Circuit and the Supreme Court have not clearly defined what constitutes a "defective pleading," courts have found equitable tolling appropriate under the defective pleading rationale where the timely filed pleading was dismissed by a *court* on a basis such as improper venue. *See Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1058-59 (10th Cir. 2006) (citing cases). In this case, no court assessed the sufficiency of plaintiff's state court petition because she voluntarily dismissed it. The Court finds that plaintiff's dismissal of her complaint and subsequent characterization of her complaint as "defective" does not constitute circumstances "'where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period.'" *Montoya*, 296 F.3d at 958 (quoting *Irwin*, 498 U.S. at 96). To the extent that plaintiff seeks to blame her former counsel for drafting a pleading that she asserts would have failed to meet the pleading standards, this is not a proper basis for equitable tolling. *See Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 766 (10th Cir. 2004) (rejecting plaintiff's claim that his attorney's conduct justified equitable tolling because the plaintiff was clearly on notice that he had ninety days from the date of the right to sue letter to file a claim).

Nor do the principles of equitable tolling extend to the EEOC's misplacement of plaintiff's file. Plaintiff received her right to sue letter from the EEOC and consequently was on notice that she had ninety days in which to file her action. Despite this knowledge, she elected to voluntarily dismiss her state court case and file her claim in federal court long after the ninety days had passed.

Another district court in this circuit rejected arguments by a plaintiff who, like the plaintiff in this case, was aware of the ninety-day requirement, failed to comply with it, and blamed her noncompliance on the EEOC. *See Khave v. Norman, OK (State) VA Ctr.*, 2014 WL 2136027, at *4 (W.D. Okla. May 22, 2014) (equitable tolling inappropriate where plaintiff alleged that the EEOC "did not timely produce an investigative report she requested after she received the right to sue notice" because "plaintiff understood [the ninety-day] time requirement and, of her own volition, chose to disregard it").[2]

Nonetheless, plaintiff has failed to show that the EEOC's conduct rises to the level of "active deception" which would justify equitable tolling. Plaintiff has also not provided any evidence that her failure to comply with the statute of limitations is a result of EORTA's conduct. *See Simons v. Sw. Petro-Chem, a Div. of Witco Chem. Corp.*, 28 F.3d 1029, 1031 (10th Cir. 1994) ("We have made clear that a Title VII time limit will be tolled only upon a showing of 'active deception where, for example, the plaintiff has been actively misled or lulled into inaction by her past employer, state or federal agencies, or the courts.'" (quoting *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1480-81 (10th Cir. 1988)) (internal quotations and citations omitted))). Taken as a whole, the circumstances presented here fall far short of those that merit equitable tolling of the ninety-day limitations period.

---

[2] To be clear, the Court is unpersuaded by plaintiff's argument that access to her EEOC file was a prerequisite to filing suit. However, it appears that plaintiff is not without fault, because as current counsel represented in a letter to the EEOC dated February 22, 2016, "[plaintiff] cannot locate her Intake Questionnaire or her Charge of Discrimination." (Doc. 11, Exh. 1 at 7). The Supreme Court has made clear that equitable tolling does not extend to "a garden variety claim of excusable neglect," which is present in this case. *Irwin*, 498 U.S. at 96.

### B. EORTA's Request for Fees

EORTA requests an award of attorney's fees and costs expended on seeking dismissal of plaintiff's Title VII claim. Under Title VII, a district court may award attorney's fees to "the prevailing party." 42 U.S.C. § 2000e-5(k). The Supreme Court recently clarified that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). However, a "'Title VII defendant is not entitled to an award of fees unless the court finds that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 807 (10th Cir. 2007) (quoting *Simons v. Sw. Petro-Chem, Inc.,* 28 F.3d 1029, 1033 (10th Cir. 1994)).

EORTA argues that it is entitled to attorney's fees and costs because plaintiff's Title VII claim lacked foundation and had no reasonable basis. (Doc. 7 at 8). However, the Court is reluctant to agree with EORTA, particularly in light of the fact that the EEOC's investigation found probable cause that unlawful discrimination occurred. Plaintiff may also have had a good faith belief that she was entitled to equitable tolling of the limitations period. In sum, the Court cannot determine that plaintiff's lawsuit was filed in bad faith, nor that it was frivolous, unreasonable, or groundless. *See DeHart v. Stevens-Henager Coll.*, 264 F. App'x 676, 678 (10th Cir. 2008) (unpublished) (no abuse of discretion where district court denied Title VII defendant's motion for attorney's fees because the court had "no reason to believe that the plaintiffs were motivated by anything other than good faith").

### IV. Plaintiff's Section 1981 Claim

Defendants argue that plaintiff's claim of racial discrimination under 42 U.S.C. § 1981 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to plead sufficient facts.

The elements of a plaintiff's racial discrimination claim are the same whether brought under Title VII or § 1981. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991). A plaintiff proves a Title VII violation "either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas*." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The parties do not dispute the absence of direct evidence of discrimination in this case. Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination, then the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. If the defendant meets that burden, then the burden shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext. *Id.* To set forth a prima facie case of termination on the basis of race, plaintiff must establish that she (1) is a member of a protected class; (2) was qualified for her job; (3) despite her qualifications, she was discharged; and (4) the job was not eliminated after her discharge. *English v. Colorado Dep't of Corr.*, 248 F.3d 1002, 1008 (10th Cir. 2001).

Plaintiff is not required to establish a prima facie case in her Complaint in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Khalik*, 671 F.3d at 1192. However, analyzing the allegations of a complaint in light of the elements of the alleged cause of action "help[s] to determine whether [the plaintiff] has set forth a plausible claim." *Id.*

Given plaintiff's light burden at this stage, and accepting all of plaintiff's well-pleaded factual allegations as true, the Court concludes that plaintiff's pleading has sufficiently alleged factual allegations to state a plausible claim for racial discrimination under § 1981. In short, she alleges that she is an African American which satisfies the first element of the prima facie case. (Doc. 2 at ¶ 38). Plaintiff alleges she was "qualified for the position she held with Defendant

EORTA, i.e. Staff Therapist," and adequately performed her job duties, which satisfies the second element. (*Id.* at ¶¶ 21, 39). Plaintiff further alleges that she was discharged from employment due to decreasing patient volumes and finances, thus satisfying the third element. (*Id.* at ¶¶ 20, 40). Finally, plaintiff alleges that she was replaced by an individual outside of her protected class who was similarly or less qualified than her, which meets the fourth element of the prima facie case.[3] (*Id.* at ¶¶ 22-24, 41). Contrary to defendants' argument, plaintiff's allegations are "enough to raise a right to relief above the speculative level," as to her § 1981 claim. *See Twombly*, 550 U.S. at 570.

V. **Conclusion**

IT IS THERFORE ORDERED that Defendants' Combined Motion to Dismiss (Doc. 7) is **granted in part and denied in part** as set forth above.

SO ORDERED this 10th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3] Defendants appear to argue, without citing any law, that they are on insufficient notice of the grounds of plaintiff's § 1981 claim because the allegations in plaintiff's EEOC charge differ from those in her Complaint. (Doc. 7 at 10). Specifically, plaintiff's EEOC charge provides that she was "replaced by Staff Therapist, Stephanie, race White, from another office" (Doc. 11-1 at 12), while plaintiff's Complaint states that another individual was "hired" to replace plaintiff (Doc. 2 at ¶¶ 22-24, 41). The Court is unpersuaded by defendants' argument—at the pleading stage, these facts are sufficient and either formulation satisfies the fourth element of the prima facie case, *i.e.*, that plaintiff's job was not eliminated after her discharge.

9